UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TABITHA M. BAKER,

     Plaintiff,

v.                             CASE No. 8:08-CV-1721-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

---

## O R D E R

This cause came on for consideration upon Plaintiff's Consent

Motion for Award of Attorneys' Fees and Costs (Doc. 19) filed by counsel for

the plaintiff on December 31, 2009. Having considered the application, the

defendant's lack of objection, and the pertinent factors regarding an award of

attorneys' fees under the Equal Access to Justice Act ("EAJA"), the plaintiff

shall be awarded $3,888.71 in fees and $380.00 in costs to be paid, by virtue of

a fee assignment, to plaintiff's counsel by the defendant.

The applicants represented the plaintiff in this action seeking

review of a denial of her claims for Social Security disability benefits and

supplemental security income payments. This matter was reversed and

remanded to the Social Security Administration by order of Magistrate Judge Karla R. Spaulding dated September 29, 2009 (Doc. 14). Judgment was therefore entered in favor of the plaintiff (Doc. 15). The plaintiff then filed this application for attorneys' fees under the EAJA (Doc. 19).

The EAJA requires a court to award attorneys' fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicants have requested an award of attorneys' fees in the amount of $3,918.54 (Doc. 19). This amount represents 3.8 hours of service before the court in 2008 at an hourly rate of $172.85 and 0.6 hours in 2009 at an hourly rate of $170.77 by attorney Marjorie Schmoyer, 17.5 hours of service before the court in 2009 at an hourly rate of $170.77 by attorney Chantal J. Harrington, and 1.0 hour of service before the court in 2009 at an hourly rate of $170.77 by attorney Sarah H. Bohr (id., pp. 1-2). The plaintiff indicated that the Commissioner consents to the motion and he has not responded despite adequate time to do so (id., p. 2).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not

suggested any basis for determining that an award of attorneys' fees would be unjust. Consequently, the plaintiff is entitled to an award of attorneys' fees.

The claim of 22.9 hours for services performed in this case does not appear unreasonable. Importantly, the defendant has not challenged that claim.

As for counsels' hourly rate, the applicants assert that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $172.85 per hour for work performed in 2008, and to $170.77 per hour for work performed in 2009 (Doc. 19, p. 1). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per

hour has, as of 2007, become a base of at least $165.00 per hour, which is unreasonably high.

In all events, the request for more than $170.00 per hour for services performed in 2008 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $172.85 per hour for services in 2008, when $170.00 was the maximum rate for criminal defense lawyers defending capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for hourly rates in excess of $170.00 for work done in 2008 is rejected.

Rather, as I have already done in other cases making a similar request, I will apply a rate of $165.00 per hour for work done in 2008, although that is only five dollars per hour less than was paid for work defending capital cases that year.

The hourly rate for criminal defense lawyers defending capital cases in 2009 increased to $175.00. I will award work performed in 2009 at the rate requested, although, in my opinion, it is too high considering the relative lack of complexity presented by these matters. Accordingly, the 3.8 hours billed in 2008 will be awarded at a rate of $165.00, and the19.1 hours billed in 2009 will be at a rate of $170.77, for a total of $3,888.71.

Finally, it is requested that the attorneys' fee be paid directly to plaintiff's counsel (Doc. 19, p. 1). In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 19-2, p. 1). Furthermore, the defendant has not raised any opposition to an award of attorneys' fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, Plaintiff's Consent Motion for Award of Attorneys' Fees and Costs (Doc. 19) is hereby **GRANTED to the extent** that the plaintiff is hereby awarded the amount of **$3,888.71** in attorneys' fees and

$380.00 in costs to be paid to the plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 1ˢᵗ day of February, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE