UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TABITHA M. BAKER,

Plaintiff,

v.                                              CASE No. 8:08-CV-1721-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## ORDER

THIS CAUSE came on for consideration upon the Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 23), filed by counsel for the plaintiff. Having considered the petition, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under 42 U.S.C. 406(b), the petitioner will be awarded $9,110.75 in attorney's fees, conditioned upon remitting to the plaintiff $3,888.71 received by the petitioner in this case pursuant to the Equal Access to Justice Act ("EAJA").

The petitioner represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. The decision was reversed, and the case was remanded to the

Social Security Administration by order of Magistrate Judge Karla R. Spaulding (Doc. 14). Judgment was entered accordingly (Doc. 15).

The petitioner filed an application for attorney's fees under the EAJA (Doc. 19). The court thereafter awarded an attorney's fee under the EAJA of $3,888.71 (Doc. 21).

After the remand, the defendant held further proceedings on this matter, and the plaintiff was awarded benefits (see Docs. 23-2, 23-4). Plaintiff's counsel then filed a petition for attorney's fees pursuant to §406(b) (Doc. 23).

The Social Security Act provides for the recovery of attorney's fees in the following terms (42 U.S.C. 406(b)(1)(A)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

The Commissioner does not raise an objection to counsel's entitlement to an award of fees under §406 (see Doc. 23, p. 2). Therefore, it is appropriate to consider the reasonableness of the fees requested.

A contingent fee agreement between an attorney and a Social Security claimant must not exceed twenty-five percent of the total past-due

benefits awarded to a prevailing claimant. 42 U.S.C. 406(b)(1)(A). The United States Supreme Court has held that the burden is on the petitioner attorney to demonstrate that the fee sought is reasonable in light of the contingency fee agreement. Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

In this case, the petitioner has requested an award of attorney's fees in the amount of $9,110.75 (Doc. 23). This represents 22.9 hours of service before the court (Doc. 23-1, p. 9). The fee agreement between the plaintiff and counsel is for a contingent attorney's fee not to exceed twenty-five percent of past-due benefits (Doc. 23-3).

The claim of 22.9 hours for services performed in this case appears reasonable and has not been challenged. Moreover, the contingency fee agreement between the law firm and the plaintiff is valid because the parties agreed that the attorney's fees would not exceed twenty-five percent of the past-due benefits (Doc. 23-3). Further, there are no circumstances that are apparent or have been suggested that would render the requested fee unreasonable. Notably, the defendant has not argued that the fee is unreasonable.

Furthermore, plaintiff's counsel acknowledges that a fee award under §406(b) must take into account the earlier award under the EAJA of $3,888.71 (Doc. 23-1, p. 3). Thus, the EAJA includes a Savings Provision,

which provides that, when a prevailing claimant recovers attorney's fees under both the EAJA and §406(b)(1), the claimant's attorney must refund to the claimant the smaller award. Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1271 (11th Cir. 2010)(quoting 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, §3, 99 Stat. 183, 186).

As the Eleventh Circuit recently held, the EAJA Savings Provision does not mandate a specific procedure for refunding the attorney's fee. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1272; Green v. Commissioner of Social Security, 390 Fed. Appx. 873, 874 (11th Cir. 2010). Thus, an attorney may effectuate the refund by (1) reducing her §406(b) fee request by the amount of the EAJA award, or (2) refunding to the plaintiff the smaller EAJA award and accepting the §406(b) award in full. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1273, 1274. "Regardless of whether the attorney writes a refund check to h[er] client or deducts the amount of the EAJA award from h[er] §406(b) fee request, the purpose of the Savings Provision is fulfilled-the attorney does not get a double recovery." Id. at 1273.

In this case, the petitioner proposes that the court award her the full amount of her attorney's fee under §406(b), and she will refund to the plaintiff

the smaller EAJA fee of $3,888.71 (Doc. 23-1, p. 3). The defendant has not objected to this procedure, and it is acceptable under <u>Jackson</u>.

For the foregoing reasons, the petitioner will be awarded $9,110.75 in attorney's fees pursuant to 42 U.S.C. 406(b), conditioned upon remitting the EAJA award of $3,888.71 to the plaintiff.*

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 13th day of December, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

*Thereafter, the onus is on plaintiff's counsel to refund the amount of the EAJA award to the plaintiff. <u>See</u> <u>Jackson</u> v. <u>Commissioner of Social Security</u>, <u>supra</u>, 601 F.3d at 1272 ("The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund.").